```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         *

          vs.                    *   CRIMINAL NO. MJG-15-0016

BEVERLY CARDEN, et al.           *

*     *     *     *     *     *     *     *     *
```

          MEMORANDUM AND ORDER RE: PRETRIAL MOTIONS

The Court has before it the Motion to Suppress Tangible Evidence Seized from 206 East Churchville Road, Bel Air, Maryland [ECF No. 24], the Motion to Suppress Search Evidence [ECF No. 50], Defendants' Joint Motion for Severance [ECF No. 52], and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

A.   Search of the Bel Air Premises

The Court agrees with Harford County Judge Buranis that the March 1, 2014 affidavit from Detective Sergeant Lockard presented adequate probable cause to support the search warrant at issue.

At least one informant was personally interviewed by the police. See United States v. Blauvelt, 638 F.3d 281, 288 (4th Cir. 2004) (noting that information gathered from an in-person interview of a witness can be relied upon for a probable cause determination and does not first require corroboration like that from an anonymous tipster). The informant reported on February 27, 2013 that she had, on February 22, become suspicious of a theft (diversion of funds provided for payment to the I.R.S.) by Accupay Payroll Services because her employees did not receive

electronic payroll statements. Based on her suspicion, she contacted the I.R.S. and was informed that her tax returns and payments had not been provided to the I.R.S. for certain periods in 2011, 2012, and 2013. The affiant further asserts that five other Accupay customers had documents from Accupay stating that certain taxes had been paid to the I.R.S. and had confirmed with the I.R.S. that the payments were not made.

B.   The Google Account Search

Defendant Kevin Carden seeks suppression of any evidence obtained from a "search"[1] of records of Google, Inc. related to Defendant Kevin Carden's Google account, kvncarden5@gmail.com. There appears no doubt that the Magistrate Judge issuing the warrant was presented with adequate probable cause to believe that the said account had been used in connection with a fraud scheme and that – by virtue of the nature of electronic data – evidence thereof was likely to be present and retrievable from the Google records. Compare to United States v. Carroll, 750 F.3d 700, 706 (7th Cir. 2011) (five year-old information supporting a warrant to search a computer for child pornography was not stale). Moreover, the Court finds that the Magistrate Judge reasonably sealed the warrant and directed that Google not provide notice to the account owner pursuant to 18 U.S.C. § 2705(b).

The defense presents contentions regarding the scope of the "search" that appear to be moot in the instant case. As the

---

[1]  In effect, a subpoena to which Google, Inc. responded.

2

Court now understands the situation – subject to confirmation by Government counsel – if the Government will offer any evidence at all from the Google search, that evidence would consist of certain emails transmitted to and from the identified account in regard to the alleged fraudulent scheme at issue.  There will be no evidence from any "related accounts,"[2] no emails outside the period during which the alleged fraudulent scheme existed,[3] and no evidence regarding the email account beyond, perhaps, records regarding Defendant Kevin Carden's ownership and/or control of the account during the period in which the pertinent emails were submitted.

    The Court notes that no party has presented authorities addressing — in a cyber world electronic data context, particularly in regard to emails — questions that could arise where a search went beyond the scope of probable cause presented and yielded evidence pertinent to a criminal accusation.  Hypothetically, for example, the search at issue could have yielded an email prior to the date of the alleged fraudulent scheme regarding some unrelated crime.  Nor has the defense provided authority to support its contention that, if a warrant for electronic data had excessive scope but yielded no evidence beyond what was a permissible scope, all evidence should be

---

[2]  While the warrant permitted a "search" of "related accounts" with no definition of what would be "related" for purposes of the warrant, there were no such accounts.

[3]  While the warrant permitted a search of emails prior to the period of the alleged scheme, hence beyond the scope of the probable cause showing, the Government will not offer any such emails into evidence.

suppressed.  Finally, in recognition that the instant case may present issues of first impression, the Court finds that – in view of the state of judicial precedent now existing - the investigators reasonably relied on the warrant and would not have suppressed the evidence here at issue even if it were to have concluded that the defense contentions were correct.  <u>United States v. Leon</u>, 468 U.S. 897 (1984).

C.  <u>Severance</u>

The instant case presents, among other charges, a charge that the defendants were conspirators in a fraudulent scheme whereby funds provided by customers of a payroll service for tax payments were diverted to the defendants' personal use.  The Government asserts that Defendant Beverly Carden was the owner of the payroll service and diverted such funds to personal use and that Defendant Kevin Carden communicated false statements (including emails) to customers as part of the scheme.

Each defendant seeks severance on the theory that, if there were separate trials, the co-defendant would testify in support of his/her position.  However, neither defendant has made a showing supporting this theory.  At the motion hearing, upon inquiry, counsel for neither defendant stated that his/her client would commit to testify at a trial of the co-defendant if tried first or that any testimony that he/she might give would be exculpatory as claimed by the co-defendant.

As stated recently by the United States Court of Appeals for the Fourth Circuit:

4

> [A] a defendant seeking severance based on the need for a co-defendant's testimony must make an initial showing of (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony.
>
> After the initial showing is made, a district court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion [;] and (5) consider the likelihood that the co-defendant's testimony could be impeached. . .

United States v. McDonnell, 792 F.3d 478, 494 (4th Cir. 2015) (internal quotation omitted).

Neither defendant has made any showing of a bona fide need for the testimony of the co-defendant. There has been no showing of a likelihood that either defendant – if tried in a first trial – would waive his/her privilege and testify in a separate trial of the other defendant. The showings, such as they were, of the substance of the co-defendants' purported testimony were no more than the vague and conclusory types of statements found inadequate in McDonnell.

Severance shall be denied and the case shall proceed to trial pursuant to existing scheduling.

D.   Conclusion

For the foregoing reasons:

1. The Motion to Suppress Tangible Evidence Seized from 206 East Churchville Road, Bel Air, Maryland [ECF No. 24] is DENIED.

2. The Motion to Suppress [Google] Search Evidence [ECF No. 50] is DENIED.

3. Defendants' Joint Motion for Severance [ECF No. 52] is DENIED.

4. By December 15, Government counsel shall:

    a. Confirm the Court's understanding of the evidence it may offer obtained from the Google search as set forth on page 3 hereof.

    b. Identify the evidence obtained from the Google search that it shall offer at trial.

    c. Make a good faith effort to provide a list of trial exhibits to the Defendants.

    d. Provide Defendants with pertinent State tax records they obtain.

SO ORDERED, on Tuesday, December 1, 2015.

                              /s/
                        Marvin J. Garbis
                  United States District Judge