IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                            |   |                        |
|----------------------------|---|------------------------|
| UNITED STATES OF AMERICA,  | * |                        |
|                            | * |                        |
| v.                         | * | CRIM. NO.  JKB-15-0016 |
| KEVIN CARDEN,              | * |                        |
|                            | * |                        |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

The Defendant Kevin Carden was sentenced to a period of 73 months' imprisonment after he pleaded guilty to wire fraud and filing a false tax return.  He is serving his sentence at Federal Correctional Institution Jessup.  The Government projects that his sentence will end in November 2021, and that he will be eligible for home confinement six months before that, in April 2021.  (Opp'n Mem. at 4, ECF No. 243.)  He has now filed an Emergency Motion for Sentence Reduction (ECF No. 240) in light of the Coronavirus, known as COVID-19, Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.)  The Government has filed its opposition to this Motion.  (ECF No. 243.)  The matter has been briefed and no hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court of Appeals for the Fourth Circuit has been very firm that a court is without the authority to modify a sentence except in conformity with the specific circumstances and procedures established by § 3582. *See United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010) (a court "'may not modify a term of imprisonment once it has been imposed'" unless expressly permitted by statute) (quoting § 3582).

The Fourth Circuit has not ruled on whether the requirements in § 3582(c)(1)(A) are jurisdictional, and this Court need not make that determination to resolve this motion. It is sufficient for purposes of this motion that § 3582(c)(1)(A) mandates that the defendant exhaust his or her administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, Crim. No. DLC-99-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). As such, because Carden has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant a motion to modify his sentence.[1]

Carden also argues that he is eligible for home detention pursuant to the First Step Act's "Elderly on Home Detention" provision because he is over sixty years old and has served over two-thirds of his sentence. (Mot. for Reduction at 3.) 34 U.S.C.A. § 60541(g) directs the Attorney General to conduct a pilot program whereby individuals who are at least 60 years old and who have served two-thirds "of the term of imprisonment to which the offender was sentenced" "may"

---

[1] Carden may renew his motion for relief after he has "fully exhaust[ed] his administrative remedies" or "30 days have elapsed without a BOP determination" on his request for relief, whichever occurs first. *United States v. Johnson*, Crim. No. RDB-14-0441, 2020 WL 1663360, at *6 (D. Md. Apr. 3, 2020)

be released to home detention. As the statute states, this authority is given to the Attorney General—not the courts. *See, e.g.*, *United States v. Fana*, Crim. No. GHW-19-0011, 2020 WL 1816193, at *4 (S.D.N.Y. Apr. 10, 2020) (The pilot program "requires the establishment . . . of a program to support prisoner reentry," but does not provide defendants with a "right to a determination regarding [their] placement."); *Dudgeon v. Rios*, Civ. No. SRN-19-1489, 2019 WL 5418192, at *3 (D. Minn. Oct. 23, 2019) ("[D]iscretion over placement in the Elderly Offender Program lies with the BOP."); *Deffenbaugh v. Sullivan*, Civ. No. HC-19-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (Court lacks authority to release prisoner pursuant to elderly home confinement pilot because such discretion "lies solely with the Attorney General."). Accordingly, this Court does not have authority under 34 U.S.C.A. § 60541 to order Carden to be released pursuant to the elderly home detention provision of the First Step Act.[2]

Furthermore, it is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c). That section specifically provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months."

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Carden's legitimate concerns about his living situation. However, this Court is limited by the existing statutory authority in the relief it may grant.

Accordingly, Carden's Emergency Motion for Immediate Transfer to Home Confinement (ECF No. 240) is DENIED. The Court urges Carden to pursue the procedures established by §

---

[2] In addition, as the Government highlights, Carden has not served two-thirds of his 72-month sentence yet; he has only served roughly 42 months, rendering him ineligible for the pilot program. *See Cavanaugh v. Johns*, 459 F. App'x 261, 262 (4th Cir. 2011) ("'[T]he phrase 'term of imprisonment to which the offender was sentenced' unambiguously refers to the term imposed by the sentencing court, without any consideration of good time credit.'" (quoting *Izzo v. Wiley*, 620 F.3d 1257, 1260 (10th Cir. 2010))).

3582(c)(1)(A) and 34 U.S.C. § 60541(g)(1)(B) to seek his requested relief, and to renew his request once he has exhausted his administrative remedies.

DATED this 14th day of April, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge